**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SCOTT SPRAGGINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-119-MTT-AGH |
| | : | |
| LPN FAIRCLOTH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 1983 on March 25, 2025 (ECF No. 1).  Defendants move to dismiss (ECF Nos. 22, 27, 43).  For the reasons explained below, Defendants' motions should be granted and Plaintiff's complaint should be dismissed for failure to exhaust.

## BACKGROUND

Plaintiff alleges that he has had a hernia since 2022, and that he informed officials at Macon State Prison ("MSP") of his condition.  Compl. 5, ECF No. 1.  Plaintiff began to experience pain and changes to his hernia in September 2024, at which time he went to medical for treatment.  *Id.*  Plaintiff alleges that staff promised to treat him several times, but they did not do so. *Id.*  He also contends that he suffers from headaches due to trouble with his vision requiring that he wear glasses, so he had to get his eyes checked while at medical.  *Id.*  Plaintiff seeks damages and injunctive relief.  *Id.* at 6.  On preliminary review of Plaintiff's complaint, the Court allowed Plaintiff's Eighth Amendment claims for deliberate indifference to a serious

medical need against Defendants Greene, Whitehead, Mann, Bodiford, Faircloth, Troutman, Pope, Rawls, and Hawkins to proceed for further factual development.[1] Order & R. 10-11, Aug. 18, 2025, ECF No. 5.

## DISCUSSION

Defendants filed two motions to dismiss. First, Defendants Faircloth, Mann, Whitehead, and Bodiford ("Medical Defendants") filed a motion to dismiss arguing that Plaintiff's complaint should be dismissed because Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") due to Plaintiff's failure to exhaust his administrative remedies. Medical Defs.' Br. in Supp. of Mot. to Dismiss 3-4, ECF No. 22-1. Second, Defendants Troutman, Pope, Rawls, and Hawkins ("State Defendants") filed a motion to dismiss, based on the same alleged failure to exhaust and asserting immunity pursuant to the Eleventh Amendment. State Defs.' Mem. in Supp. of Mot. to Dismiss 2-8, ECF No. 27-1. Finally, Defendant Greene filed a motion to join the two motions to dismiss, incorporating and adopting the arguments and authorities contained in each motion to dismiss. Greene Mot. to Join, ECF No. 43. Despite being notified (ECF Nos. 25, 29) of the two motions to dismiss and being ordered to show cause (ECF No. 40) for his failure to respond to the two motions to dismiss, Plaintiff failed to file any response.[2]

No party objected to Defendant Greene's motion to join the two motions to

---

[1] At the time the Court directed service on Defendant Rawls, it appeared that Defendant Rawls' name was spelled Ross. Order & R. 10, Aug. 18, 2025, ECF No. 5. However, Defendant Rawls' motion to dismiss spells his name Jacori Rawls. Rawls Mem. in Supp. of Mot. to Dismiss 1, ECF No. 27-1. The Clerk is **directed** to update the docket accordingly.

[2] In fact, the last time the Court received anything from Plaintiff was on September 26, 2025 (ECF No. 18).

dismiss.  Accordingly, Defendant Greene's motion (ECF No. 43) is GRANTED.[3]  As discussed below, the Court recommends that the motions to dismiss be granted based on Plaintiff's failure to exhaust.  Because exhaustion disposes of Plaintiff's complaint in its entirety, the Court declines to address the State Defendants' immunity argument.

## I.     Exhaustion Standards

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  When a grievance procedure is provided for prisoners, "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit."  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added).  Exhaustion of administrative remedies requires compliance with an agency's procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process. If their initial grievance is denied, prisoners must then file a timely appeal."  *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (internal citation and quotation marks omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from

---

[3] Defendant Greene's motion to join adopts and incorporates the two motions to dismiss.  Greene Mot. to Join, ECF No. 43.  Having granted the motion to join, the Court construes Defendant Greene's motion as a motion to dismiss that adopts and incorporates the two motions to dismiss.

3

system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  "The critical function of the grievance process is that it provides the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toenniges v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.*  If, taking the plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.*  "If the complaint is not subject to dismissal at the first step . . . the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*  The defendant bears the burden of proof during this second step. *Id.*  In resolving the factual dispute, a court is authorized to make credibility determinations. *See Bryant*, 530 F.3d at 1377-78 (finding district court did not clearly err in determining plaintiff's allegation that he was denied access to grievance forms was not credible); *see also Whatley v. Smith*, 898 F.3d 1072, 1082-83 (11th Cir. 2018) (upholding district court's weighing of the evidence and credibility determination to find that one of the inmate's grievances was not filed).  Further, since dismissal for failure to exhaust is not an adjudication on the merits, the court

4

can resolve factual disputes using evidence from outside the pleadings. *Bryant*, 530 F.3d at 1376-77.

## II.  *TURNER* Step One

Defendants maintain that Plaintiff fails to allege that he grieved his claims against them before filing this lawsuit, and his claims should accordingly be dismissed at the first *Turner* step. *See* Medical Defs.' Br. in Supp. of Mot. to Dismiss 3-4; State Defs.' Mem. in Supp. of Mot. to Dismiss 4. The Court agrees.

Plaintiff alleges that he filed a grievance, but that he did not file an appeal of his denied grievance. Compl. 3-4. Plaintiff explains that he followed the grievance appeal process "to the best of [his] ability," and that his counselor brought an appeal form to him "at the end of the 7 day [deadline]" to file his appeal. *Id.* at 4. Accepting these allegations as true, as the Court must at the first *Turner* step, Plaintiff's complaint is subject to dismissal because, while his counselor *brought* him an appeal form, Plaintiff does not state that he *gave* her a completed appeal form. As a result, Plaintiff's own allegations taken as true demonstrate that he failed to complete the grievance procedure before filing his federal complaint.

However, even if the Court proceeds with the second *Turner* step, the Court again finds that Plaintiff's complaint is subject to dismissal for failure to exhaust.

## III.  *TURNER* Step Two: Specific Findings

### A.   MSP's Grievance Process

In support of their motion, the State Defendants submitted the affidavit of Anna Walker, a Behavioral Health Counselor at MSP, with responsibility for acting

5

as the Grievance Coordinator at MSP. Walker Aff. 1, EFC No. 27-2. In relevant part, attached to Ms. Walker's affidavit are the Georgia Department of Corrections' ("GDC") statewide grievance procedure, Plaintiff's grievance history, and Plaintiff's grievance documentation related thereto. *Id.* at 6-52.

The GDC's grievance policy applies to all offenders committed to the GDC. *Id.* at 6. The policy requires an offender to complete a two-step process consisting of first filing an original grievance and then filing a central office appeal. *Id.* at 13. At the first step, the offender's grievance may be submitted electronically through a kiosk or tablet, or it may be submitted on paper on the GDC's required Grievance Form. *Id.* An offender must submit a grievance within ten (10) calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance. *Id.* Grievances filed later than ten (10) days are only considered upon a showing of "Good Cause." *Id.*

The Warden has forty (40) calendar days from the date of submission to respond to a grievance, although a ten (10) calendar day extension may be granted under certain circumstances. Walker Aff. 16. After the Warden responds or the time to respond expires, the offender must file an appeal. *Id.* at 19. The Commissioner then has 120 calendar days to respond. *Id.* at 20.

B.      Plaintiff's Grievances

Plaintiff submitted three grievances while at MSP. Walker Aff. ¶¶ 13-14 & Exs. 3-4, ECF Nos. 27-2, at 42-52. He filed Grievance No. 374148 on October 28, 2024, grieving the alleged lack of medical treatment that is the subject of his

complaint. Walker Aff. ¶ 13 & Ex. 3, at 3. On December 10, 2024, the Warden denied the grievance, and on December 19, 2024, Plaintiff signed the denial. Walker Aff. Ex. 3, at 1, 4. The grievance denial form explained that Plaintiff could submit an appeal within seven days, but Plaintiff did not appeal this grievance. Walker Aff. ¶ 13 & Ex. 3, at 1.

Plaintiff's other two grievances filed at MSP, Grievance No. 375271 and No. 376618, are unrelated to this complaint. Walker Aff. ¶ 14 & Ex. 4. Grievance No. 37521, filed on November 20, 2024, concerns Plaintiff's attempts to get his property while in administrative segregation. Walker Aff. Ex. 4, at 3. The Warden denied this grievance in January 2025, and Plaintiff timely appealed on January 28, 2025. *Id.* at 3-4. Plaintiff's appeal was denied on February 5, 2025. *Id.* Plaintiff filed Grievance No. 376618 on January 8, 2025, complaining that he should be placed into protective custody. Walker Aff. Ex. 4, at 1. The Warden rejected Plaintiff's grievance in January 2025, and Plaintiff did not appeal. *Id.* at 1-2.

## IV. *TURNER* Step Two: Resolving Disputed Factual Issues

The Court finds that Defendants have carried their burden to show that Plaintiff failed to exhaust his administrative remedies prior to filing this court action. Plaintiff submitted Grievance No. 374148 on October 28, 2024. Walker Aff. ¶ 13 & Ex. 3, at 3. After receiving the Warden's grievance denial, Plaintiff failed to appeal. Walker Aff. ¶ 13 & Ex. 3. And, as discussed at the first *Turner* step, while Plaintiff contends the counselor brought him an appeal form at the end of the seven-day appeal deadline, he fails to allege that he completed the process of appealing by giving the

7

counselor the completed appeal form. Compl. 4. Consequently, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing this complaint.

To the extent that the Medical Defendants rest their argument for dismissal on Plaintiff's failure to grieve at the first step of the *Turner* analysis, the Court nonetheless recommends that the Medical Defendants also be granted dismissal at the second *Turner* step. The documentation submitted by the State Defendants demonstrates that Plaintiff failed to complete the appeals process for the only grievance he filed regarding the claims at issue. As a result, because exhaustion of administrative remedies is a prerequisite to bringing an action under the PLRA, all Defendants that Plaintiff sues in this action are entitled to dismissal based on his failure to exhaust. Further, Plaintiff failed to file a response to either of the motions to dismiss, and the Court warned him in its order to show cause that his action could be dismissed based on his failure to respond to Court orders. As a result, the Court recommends that Defendants' motions to dismiss be granted.

## CONCLUSION

As set forth above, Defendant Greene's motion to join (ECF No. 43) is GRANTED. It is further **RECOMMENDED** that Defendants' motions to dismiss (ECF Nos. 22, 27, 43) be GRANTED as to exhaustion, and Plaintiff's complaint be DISMISSED without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions

8

of this Recommendation to which objection is made; all other portions of this Recommendation may be reviewed by the district judge for clear error. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. GA. L.R. 7.4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 16th day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

9